**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHU HUA TAN, | No. 07-72718 |
| Petitioner, | Agency No. A028-957-977 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Shu Hua Tan, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

The BIA did not abuse its discretion in denying Tan's third motion to reopen as number-barred and untimely where the motion was filed nineteen years after the final order of deportation was entered in his case, *see* 8 C.F.R. § 1003.2(c)(2), and Tan failed to establish changed circumstances in China to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Lin v. Holder*, 588 F.3d 981, 988-89 (9th Cir. 2009) (record did not establish change in family planning laws or enforcement of such laws that would establish changed country conditions excusing untimely motion to reopen).

Tan's contention that the BIA failed to consider the evidence submitted with the motion to reopen fails, because he has not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**